SAMUEL L. WOOLDRIGE ET AL. *v.* W. A. CAMPBELL ET AL.

1. TRUST.   *Confirmation by court of sale to trustee.   Rights of beneficiaries.*

C., as administrator of the estates of two and guardian of other heirs interested in certain land, joined in a bill with a co-heir equally interested with those represented by him and obtained a decree ordering the sale of the land by a commission. C. purchased and took possession, claiming the land as his own. *Held,* that C. held the land subject to the rights of those toward whom he sustained a fiduciary relation to have him declared trustee for them.

2. SAME.   *Subsequent purchaser.   Notice.*

Those afterward dealing with the party as to the lands held by him as above were chargeable with notice of all facts shown by the record of the suit, under the decree in which he purchased, but not with notice of any matter *aliunde* which may have existed between him and the beneficiaries.

APPEAL from the Chancery Court of Yazoo County.

HON. E. G. PEYTON, Chancellor.

In 1852 John P. Campbell died, leaving a will, by which he appointed his wife his executrix and devised the property in controversy to her for life, and, after her death, share and share alike, to his granddaughter, Louisa McKinney (now Mrs. Shepard), and his children, to wit: L. A. Campbell, R. S. Campbell (now Mrs. Owens), John N. Campbell, Thos. P. Campbell, Samuel J. Campbell, Jas. C. Campbell, and Wm. A. Campbell. In 1855 the executrix and the heirs above named (those who were minors appearing by L. A. Campbell, their guardian) filed a petition asking permission to sell the property at a price named to John N. Campbell, one of the children. The sale was made as asked, and a deed executed to John N. Campbell, who paid to L. A. Campbell and Mrs. Owens, who were adults, their share of the proceeds in money, and executed his notes in favor of L. A. Campbell, as guardian, for the shares of the several minors, payable when they should respectively attain majority. These notes were for nine thousand six hundred and thirty dollars each, and a vendor's lien was reserved to secure their payment.

Thos. P. and Jas. C. Campbell afterward died intestate, and L. A. Campbell was appointed administrator on their estates. In 1866 a bill was filed in the Chancery Court of Yazoo County to foreclose the lien securing the said notes. This bill was filed by Samuel J. Campbell, who had become an adult, and L. A. Campbell, as administrator of the estates of his two dead brothers, and by both as guardian of Louisa McKinney (now Mrs. Shepard) and Wm. A. Campbell, who were still minors. The decree in each interest represented fifteen thousand six hundred and thirty-four dollars, and Silas McBee was appointed commissioner to make the sale. At the sale, which was duly reported and confirmed by the court, L. A. Campbell became the purchaser for the sum of four thousand dollars and received a deed to the land. He entered into possession as owner and continued to occupy and enjoy it without interruption or question from that time until September, 1882, when he died. The bill now before the court was filed in the fall

of 1883. The complainants are Wm. A. Campbell, Mrs. Shepard, Mrs. Owens, of the original set of ·heirs, and the following children of the mortgagor, John N. Campbell, to wit: E. A. Campbell, John N. Campbell, F. D. Campbell, and Mrs. L. R. Merritt. The bill is framed upon the theory that L. A. Campbell was a trustee, buying at his own sale, and seeks to have him declared a trustee holding the property bought by him at the commissioner's sale for their benefit and a decree against his estate for the rents and profits during his occupancy. They allege that they were kept in ignorance of their rights and of the fact that L. A. Campbell had bought the property by his statements to them that they had no interest in the land. During the year 1879 L. A. Campbell executed a mortgage on the property to Mrs. Whitehead, and in 1882 to J. L. Harris & Co., who transferred it for value to (before maturity) S. L. Wooldrige. It is claimed that these mortgagees are purchasers with constructive notice, and therefore that they took subject to the complainants' rights. Some of complainants were covert and others minors when the sale in 1866 was made.

The bill is demurred to by all the defendants, by Mrs. Whitehead, and Mr. Wooldrige (1) because the bill is without equity; (2) complainants are estopped by their long silence and acquiescence—knowing Campbell to be in possession and suffering defendants to deal with him as such—from assailing his title; (3) because there are incumbrances for value without. notice; (4) statute of limitations.

The demurrer was overruled, an appeal taken, and the overruling of the demurrer assigned for error.

*T. C. Catchings,* for the appellants, argued orally and in writing.

1. When the *cestui que trust* takes upon himself the conduct of the sale, and the trustee has not been in a situation to acquire any exclusive information respecting the property, the rule forbidding a trustee to purchase at his own sale does not apply. Hill on Trustees 538. For the same reason a "purchase by a trustee under the sanction of the court" is also necessarily excepted from the operation of the general principle. Hill on Trustees 536 ; *Campbell* v. *Walker,* 6 Ves. 625. So he may purchase when the fiduci-

ary relation had ceased, or when it was made with the concurrence of the *cestui que trusts*, or by their long acquiescence they may be barred from questioning the purchase. Hill on Trustees 536. The purchase will be enforced if beneficial to the estate. Hill on Trustees 835 ; *Scott* v. *Freeland*, 7 S. & M. 409. To make the rule apply it must be shown, first, that the property sold was property held by the trustee as a trust estate ; second, that it was sold by the trustee ; third, that he bought at the sale directly or indirectly ; fourth, that he did not purchase with the sanction of the court ; fifth, that the transaction was such that the *cestui que trusts* could, as a matter of right, fraud or no fraud, upon application have the sale vacated. Tested by these requisites, the case at bar is not within the rule. Campbell was entitled to buy because he did not make the sale, and this is so even if it be conceded that the property sold was in any respect trust property. The rule invoked does not apply when the trust property is sold by the court. *Fisk* v. *Sorber*, 6 Watts & S. 21 ; *Prevost* v. *Gratz*, Peters C. C. 378 ; *Jackson* v. *Woolsey*, 11 Johns. 446 ; *Sheldon* v. *Sheldon*, 13 Johns. 223 ; *Rogers* v. *Rogers*, 1 Hopkins 526. The authorities may be said to recognize the right of a trustee to buy, when the sale is open to the highest bidder; is made by an officer of court, so that he has not control of it, and is reputed and sanctioned by the court under whose decree it is made. *Davoue* v. *Fanning*, 2 John. Ch. 252 ; *Michoud* v. *Girod*, 4 How. (U. S.) 503.

2. Mrs. Whitehead and Mr. Wooldrige, being *bona fide* purchasers for value, without notice of actual fraud could not be affected by it if it really existed. If the complainants wish to affect these incumbrances by Campbell's fraud they must aver that they had notice of it and prove it. The equity of a *bona fide* purchase for value without notice is equal to that of a *cestui que trust*, and where equities are equal the legal title must prevail. *Townsend* v. *Little*, 109 U. S. 511 ; *Boone* v. *Chiles*, 10 Peters (U. S.) 210 ; *Hardin* v. *Harrington*, 11 Bush. 373.

3. When the title of the trustee may or may not be avoided, as the beneficiary may elect, a purchaser from him who has no notice of their purpose to avoid it, will be protected. *Chapman* v. *Sims*,

---

53 Miss. 154; *Townsend* v. *Little,* 109 U. S. 511; *Davoue* v. *Fanning,* 2 John. Ch. 270; 2 Sugden on Vendors 422, § 32; Lewin on Trusts 399.

4. Such voidable sale may be ratified by the *cestui que trust,* and a ratification will be implied unless he take steps in a reasonable time. *Scott* v. *Freeland,* 7 S. & M. 459; *Jones* v. *Smith,* 33 Miss. 268; *Outlaw* v. *Johnson,* 56 Miss. 547; *Marsh* v. *Whitmore,* 21 Wall. 182. What is reasonable time is matter of law when all the facts are stated. *Loring* v. *City of Boston,* 7 Met. 413; *Nunez* v. *Dantel,* 19 Wall. 560; *Wiggins* v. *Buckham,* 10 Wall. 129.

5. Mrs. Shepard, being thirty-five years old, is barred. *Watts* v. *Gunn,* 53 Miss. 503.

6. The allegations of the bill do not conform to the rule in *Badger* v. *Badger,* 2 Wall. 92; *Marsh* v. *Whitmore,* 21 Wall. 185.

*Hudson, Hudson & Holt,* for the appellees.

1. We have failed to discover any difference in the principle applicable to a purchase by a trustee at his *own sale* and a purchase by him of the *trust property* at a sale by another. It is not the *manner* or the *method* adopted by the trustee, but it is the *purchase itself* which the law condemns. All methods of accomplishing the illegal result are viewed with the same disfavor. See Perry on Trusts 195 for a full discussion of the question. The policy of the law in all enlightened countries has been to discourage and absolutely prohibit the speculation by a trustee directly or indirectly in the trust estate. It is unnecessary for us to refer here to the authorities which hold that· a purchase by one of the trust estate for the trustee is viewed in law and equity as a purchase by the trustee himself. See *Michoud* v. *Girod,* 4 How. (U. S.) 503; 50 Miss. 1, 370. But the authorities are numerous which hold the contrary doctrine to that asserted by appellant, and, in fact, in all the cases where this exact point was raised which we have seen the court seem to regard this point as trifling and unworthy of consideration. *Rafferty* v. *Mallory,* 3 Biss. 362; *Schoonmaker* v. *Van Wyck,* 31 Barb. 457; *Martin* v. *Wynkoop,* 12 Ind. 266; *Rogers* v. *Rogers,* Hopkins Ch. 515; *Thorp* v. *McCullum,* 1 Gil. 626.

2. We allege in our bill that S. H. Parisot, Irene Whitehead, Samuel L. Wooldrige, and others are mortgagees, or have some pretended claim on the land for which the suit is brought, but that they had notice of the facts or trust set up in the bill, because the deed from the commissioner who sold under the decree of foreclosure was of record in the office of the Chancery Court of Yazoo County, as were all the papers and proceedings in said cause, and were notice to all the world, and by the demurrer the question is raised whether the defendants are *bona fide* purchasers for value. We say the question is raised, but we should rather say attempted to be raised. It is laid down as a well settled rule of law that a purchaser is bound to take notice of the recitals in all the deeds constituting his claim of title, all that they refer to, and of their legal effect. 24 Miss. 208; Walker (Miss.) 54; 39 Miss. 805; 31 Miss. 324, and other cases. See also Perry on Trusts 223; *Gaston* v. *Dashiell*, 55 Texas 508; Dart on Vendors 407, note 1; *Ward* v. *Smith*, 3 Sand. 592; *Obert* v. *Obert*, 1 Beasley (N. J.) 428; Hill on Trustees 770; *Wilter* v. *Dudley*, 42 Ala. 616; 30 Gratt. 708; 18 Ala. 664. We make this further point that the demurrer, being unquestioned as to part of the bill and being directed to the whole bill, must be overruled. 51 Miss. 501; 56 Miss. 346; 27 Miss. 419; 37 Miss. 164; 38 Miss. 574; 23 Miss. 304.

*R. S. Holt* also made an oral argument.

*A. M. Lea*, on the same side, argued orally and in writing. We say that L. A. Campbell got no title by his purchase at this sale that he or his privies in estate can assert against us. *The absolute inability of the trustee to purchase at all* is the rule best supported by the authorities, English and American. The leading cases of *Davoue* v. *Fanning*, 2 John. Ch. 252; *Butler* v. *Haskell*, 4 Desaus. 702; *Michoud et al.* v. *Girod et al.*, 4 How. (U. S.) 503, exhaust all the learning upon the subject and are quite generally followed by the courts in this country. The decisions of our own court are in full accord with them. See generally on the question of the invalidity of these purchases by trustees the note to *Fox* v. *Macreth*, 1 White & Tudor, L. C. Eq. 237, where a multitude of cases are collated; *Smith* v. *Drake*, 8 C. E. Green (N. J.) 302. In

reply to the argument that the intervention of a commissioner of the court takes L. A. Campbell's purchase out of the rule, we cite the following cases : *Freeman* v. *Harwood,* 49 Maine 195 ; *Rogers* v. *Rogers,* Hopkins Ch. 515 ; *Jamison* v. *Glasscock,* 29 Mo. 195 ; *Jewett* v. *Miller,* 10 N. Y. 402 ; *Campbell* v. *Johnson et al.,* 1 Sanford 149 ; *Rogers* v. *Rogers, supra,* affirmed in 3 Wendell ; *Martin* v. *Wynkoop,* 12 Ind. 266. We contend, further, that the incumbrancers who are made defendants to the bill cannot invoke the protection of innocent purchasers without notice, and we say that the vice and infirmity of L. A. Campbell's title was as apparent to them as though the fraud that it consummated and the consequent trust with which it was impressed had been written upon the face of the commissioner's deed. *Miller* v. *Helm,* 2 M. & W. 696 ; *Martin* v. *Nash,* 31 Miss. 331 ; *Nelson* v. *Allen,* 1 Yerger 368 ; *Johnson* v. *Theweatt,* 19 Ala. 747 ; *Thompson* v. *Blair,* 3 Murphy (N. C.) 583.

CAMPBELL, C. J., delivered the opinion of the court.

L. A. Campbell held the land subject to the right of those toward whom he sustained a fiduciary relation to have him declared to be a trustee of the title for them.

Those afterward dealing with him as to the land were chargeable with notice of all facts shown by the record of the suit under the decree in which he purchased, but they were not chargeable with notice of any matter *aliunde* which may háve existed between him and the beneficiaries.

The bill should be answered. All other questions are left undecided.

*The decree overruling the demurrer is affirmed and cause remanded for an answer within sixty days after the mandate herein shall have been filed in the court below.*